UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH RESLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:14-cv-0066-DML-SEB |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security, | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

# Decision on Judicial Review

Plaintiff Joseph Resler applied in April 2011 for Disability Insurance Benefits (DIB) and in September 2011 for Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act. Mr. Resler alleged he became disabled on February 4, 2011, the date of a workplace injury. Acting for the Commissioner of the Social Security Administration following a hearing on June 28, 2012, administrative law judge David L. Welch issued a decision on July 26, 2012, finding that Mr. Resler is not disabled. The Appeals Council denied review of the ALJ's decision on November 15, 2013, rendering the ALJ's decision for the Commissioner final. Mr. Resler timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Mr. Resler argues that the Commissioner's decision must be reversed because it is grounded in a flawed credibility analysis by the ALJ. As discussed below, the court rejects Mr. Resler's argument and AFFIRMS the Commissioner's decision.

## Standard for Proving Disability

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (DIB benefits); 42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[1] Mr. Resler is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's]

---

[1] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq.* The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and generally at 20 C.F.R. § 416.901 *et seq.*

physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can

perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

**Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

**Analysis**

I.  **The ALJ's Sequential Findings**

Mr. Resler was born in 1969 and was 41 years old at the alleged onset of his disability on February 4, 2011. He was 42 years old at the time of the ALJ's decision denying disability benefits. Mr. Resler traced the onset of disability to an

4

injury at his workplace in a warehouse. He had been lifting boxes and hurt his left elbow and low back when a box of chicken meat slipped out of his grasp. (R. 559).

At step one, the ALJ found that Mr. Resler had not engaged in substantial gainful activity since his alleged onset date  At step two, he found that Mr. Resler suffered from two severe physical impairments—epicondylitis of both elbows (commonly known as tennis elbow) and degenerative disc disease—and from borderline intellectual functioning. At step three, the ALJ decided that no listings were met. The ALJ next determined Mr. Resler's residual functional capacity. He decided that Mr. Resler can perform a modified level of sedentary work and work limited to simple, routine, and repetitive tasks "with no production requirements or pace work." (R. 20). He is limited to sitting six hours and walking or standing two hours, and with a sit/stand at-will option. His lift and carry restrictions are 10 pounds occasionally and five pounds frequently. Posturally, he can only occasionally balance, stoop, kneel, crouch, and crawl, and can never climb ladders, ropes, or scaffolds. Finally, he can engage only occasionally in reaching, handling, and fingering with the left upper extremity and cannot reach overhead with either upper extremity. (*Id*

With this RFC and based on the testimony of a vocational expert, the ALJ found that Mr. Resler could not perform his past work, most of which had required capabilities at the medium level of exertion. At step five, however, the ALJ determined that Mr. Resler is capable of performing the requirements of jobs as an election clerk or surveillance systems monitor. These jobs, according to the VE,

5

whose testimony was credited by the ALJ, are sedentary and unskilled occupations and available in significant numbers in the State of Indiana and national economy. Accordingly, Mr. Resler was found not disabled.

## II. Mr. Resler's Workplace Injury in February 2011

After Mr. Resler's workplace injury in February 2011, he was treated by two specialists, Dr. Alex Meyers for left elbow injury and Dr. Scott Taylor for back problems. His elbow eventually required surgery, and by the end of August 2011, Dr. Meyers had permanently restricted Mr. Resler from lifting more than five pounds with his left upper extremity and from climbing or crawling. (R. 528).

Dr. Taylor saw Mr. Resler in March 2011 for his back pain. Dr. Taylor had last treated Mr. Resler three years before, including following back surgery. At that time, Mr. Resler had returned to work full-time with only restrictions to refrain from lifting more than 75 pounds from the floor to his waist and 60 pounds above his waist. (R. 21). In March 2011, Dr. Taylor treated Mr. Resler's low back pain, and prescribed various treatments, including physical therapy, medication, a TENS unit, an epidural block, and a decompressive corset to provide pressure relief to Mr. Resler's low back. By mid-May 2011, Dr. Taylor released Mr. Resler to return to work but with permanent restrictions forbidding repetitive twisting, bending, climbing, or crawling. (R. 404).

Mr. Resler was also seen by a personal care physician, Dr. Thomas Gibson, with whom he had office visits in December 2011, January 2012, April 2012, and May 2012. Though Mr. Resler reported back pain to Dr. Gibson, the doctor noted

6

that Mr. Resler had normal range of motion and gait, tolerated his pain medication, and ambulated without difficulty or an assistive device. (*See* R. 579,-598).

## III. The ALJ's Credibility Determination

Mr. Resler raises one issue on judicial review. He contends that the ALJ's discrediting of his testimony that pain prevents him from sustaining full-time work was flawed, requiring remand.

Because the ALJ sees and hears the claimant, his assessment of the claimant's credibility is entitled to special deference from the court. *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008). The court's role is "limited to examining whether the ALJ's determination was 'reasoned and supported,'" and the court may not overturn the ALJ's finding unless it is "patently wrong." *Elder v. Astrue,* 529 F.3d 408, 413-14 (7th Cir. 2008). "It is only when the ALJ's determination lacks any explanation or support that [the court] will declare it to be patently wrong and deserving of reversal." *Id.* (internal citations omitted).

Mr. Resler argues, citing *Herron v. Shalala,* 19 F.3d 329, 335 (7th Cir. 1994), that the court may give less deference to the ALJ's credibility finding in this case because it rests only on objective factors and "fundamental implausibilities" rather than subjective considerations. This case is not, however, like *Herron,* in which the ALJ pointed to contradictions in the record that led him to discount the claimant's credibility when they were not contradictions at all. The *Herron* ALJ had made a series of implausible inferences that undercut his entire credibility finding. *Id.* at 336 ("[T]he ALJ's entire discussion of [the claimant's] credibility revolved

7

exclusively around the allegedly conflicting answers [the claimant] provided . . . [but] the inconsistencies in [the claimant's] testimony do not exist.")

In this case, the ALJ's credibility determination has the minimum level of required support. The ALJ gave Mr. Resler nearly full credit regarding the severity of his pain symptoms. The objective medical evidence indicated that Mr. Resler was capable of light work (including standing and walking six hours of a work day), but the ALJ believed that Mr. Resler's pain symptoms prevented that level of work activity and that he needed substantially more accommodations. Indeed, the ALJ's restrictions are extraordinary by, among other things, limiting Mr. Resler to (i) sedentary work with an at-will sit/stand option, (ii) lifting and carrying only five pounds frequently and ten pounds occasionally, with additional gross and fine finger accommodations, and (iii) work that does not require any stooping, kneeling, crouching, or crawling. Significantly, the ALJ also explained that both specialists who treated Mr. Resler for his workplace injuries found that despite his injuries, medical history, and residual aches and pain reported to them, Mr. Resler was capable of working with some restrictions on his lifting capabilities and postural activities. These doctors' conclusions took into account that Mr. Resler was not expected to get better (he had reached "maximum medical improvement") but yet he could still work. And, indeed, the ALJ gave Mr. Resler more credence regarding his pain symptoms than the treating specialists had accorded him by limiting Mr. Resler to sedentary work and imposing additional lift and carry restrictions.

8

The ALJ also acknowledged the evidence of Mr. Resler's limited daily activities. Mr. Resler stated, essentially, that he was nearly incapable of activity and his wife did it all by performing the household chores and helping him with his personal care and feeding, though Mr. Resler could drive a car. The ALJ found that degree of limited activity unlikely attributable to Mr. Resler's medical impairments and pain because the medical evidence did not support it at all. That was a fair observation in light of the medical expert testimony at the hearing and the findings of Mr. Resler's treating specialists.

The reasoning underlying the ALJ's credibility determination is sufficient to support his conclusion that Mr. Resler is capable of working under the strict conditions the ALJ devised in the RFC. Because that RFC and Mr. Resler's vocational profile are consistent with a significant number of jobs in the economy, the court must affirm the Commissioner's decision that Mr. Resler is not disabled.

## **Conclusion**

The Commissioner's decision that Mr. Resler is not disabled is AFFIRMED. So ORDERED.

Dated: March 24, 2015

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system